IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel McKelvey, #270973,  ) | Civil Action No. 9:08-2548-HFF-BM |
|         ) | |
|     Plaintiff,  ) | |
|         ) | |
| v.   ) | **REPORT AND RECOMMENDATION** |
|         ) | |
| Dr. Patel,   ) | |
|         ) | |
|     Defendant.  ) | |
| _____ ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendant.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on December 23, 2008. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 30, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time and some additional discovery, Plaintiff filed a memorandum in opposition to the motion for summary judgment on April 6, 2009.

Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motions, this Report and Recommendation is entered for review by the Court.



1

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that the medical staff at the Evans Correctional Institution (where Plaintiff is housed), and in particular the Defendant Dr. Patel, have been deliberately indifferent to the medical needs of his "constantly deteriorating" hip bone. Plaintiff alleges that his hip needs surgery, but that Dr. Patel is telling him that he must wait "one complete year" before he can receive surgery. Plaintiff alleges that he is in "constant pain" due to his hip problems. Plaintiff also alleges that he spoke to a doctor (identity unknown) who told him that he was too young to have surgery. Plaintiff seeks monetary damages. See generally Verified Complaint.

In support of summary judgment in the case, the Defendant Pravin Patel has submitted an affidavit wherein he attests that he is a licensed medical doctor employed as a treating physician with the South Carolina Department of Corrections. Patel attests that he first saw the Plaintiff for complaints of hip pain on October 12, 2006, at which time he referred Plaintiff to an outside orthopedist for evaluation. Patel attests that thereafter he was advised by the Plaintiff on January 18, 2007, that he desired to be taken off a "medical hold" so that he could work in the prison industry. Patel attests that a medical hold had been placed on the Plaintiff because of his hip complaints.

Patel attests that he saw Plaintiff again for hip complaints on June 18, 2007, and prescribed ibuprofen. Patel also attests that, since October 12, 2006, Plaintiff has been seen on several occasions by an orthopedist, the most recent orthopedic visit having been on January 9, 2008. Patel attests that the orthopedist stopped Plaintiff's ibuprofen and placed him on prednisone and

---

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



naprosin. Patel thereafter continued the prednisone prescription on April 7, 2008 and the naprosin prescription on June 2, 2008. Patel attests that he was advised by the orthopedist that there was nothing further to be done at the present time, and that he would review Plaintiff's case and examine him again in early 2009.

Patel attests that he has reviewed Plaintiff's medical records, and that based on his review of Plaintiff's treatment received while at the Evans Correctional Institution, he has received proper and thorough treatment based on his needs and the protocols available to the medical staff. See generally Patel Affidavit.

In opposition to summary judgment, Plaintiff has submitted an affidavit in which he attests that his hip pain has been diagnosed as being avascular necrosis, and that he is being denied surgery because of his age (43 years old). Plaintiff attests that he first started complaining about hip pain on July 18, 2006, while he was incarcerated at the Lieber Correctional Institution, that he continues to suffer from this problem, and that he has enclosed a copy of the medical records relevant to his hip problems. Plaintiff attests that while at Lieber, a "Dr. Blake" would have him come to medical and give him physical therapy two to three times a week, and that Dr. Blake also placed him on naproxen, which helped with the pain. Plaintiff attests that Dr. Blake also later prescribed robaxin and methocarbamol, and also made a referral to orthopedists.

Plaintiff attests that he was transferred to ECI on October 5, 2006, and that he thereafter saw Dr. Patel on October 12, 2006. Plaintiff attests that it was noted at that time that he was scheduled for a follow up appointment with the orthopedist, that he was subsequently seen at the Kirkland Correction Institution Orthopedic Clinic, and that an MRI was ordered by a "Dr. Koon". Plaintiff complains that his hip problems have required him to use a wheelchair on occasion, that he also (when not using the wheelchair) walks with a cane, and that on occasion he has been told to take



3

over the counter medications (such as tylenol and motrin), which Plaintiff complains do not alleviate his pain.

Plaintiff further attests that he was not allowed to keep his wheelchair, and that on January 18, 2007, he asked Dr. Patel for a wheelchair, but that Dr. Patel refused his request. Plaintiff complains about the amount of walking he has to do at the prison, and states that he sometimes skips meals because walking causes too much pain. Plaintiff attests that he also stopped going to sick call regularly because what he is being given for his pain does not really work. Plaintiff attests that he asked Dr. Patel to give him what Dr. Blake had been giving him, but that Dr. Patel refused. Plaintiff also attests that he asked Dr. Patel in June 18, 2007 to give him a "no standing pass", but that Dr. Patel again refused. Plaintiff attests that when he asked Dr. Patel to prescribe him prednisone, that Dr. Patel refused, citing to Plaintiff's diabetes, and telling him that because prednisone had steroids, it could have adverse side effects because of Plaintiff's diabetes. Plaintiff also complains that when he filed grievances about his medical treatment, they were denied.

Plaintiff further attests that when he went to the orthopedic clinic on January 9, 2008, he told Dr. Koon that ibuprofen was not working for his pain, and that as a result of this inquiry prednisone was prescribed for him. He was also given a sleeve for his knee. Plaintiff attests that Dr. Koon stated in his consultation note that Plaintiff was suffering from progressive osteo necrosis in both of his hips, and that he would ultimately need hip replacement surgery. Plaintiff attests that this treatment note also states "[p]rolong as long as possible given young age. continue nonsurg. tmt. measures. CU 1 year". Plaintiff states, however, that he is not asking for a total hip replacement at this time, but that medical personnel just "take the damaged stuff out." Plaintiff attests that his 2007 MRI showed that "something needs to be done about it." Plaintiff also attests that his medical records confirm that he is suffering from avascular necrosis.



Plaintiff also complains that he did not received the prednisone after it had been approved by Dr. Koon for almost three months. Plaintiff attests that Dr. Koon approved him for prednisone on January 9, 2008, but that Dr. Patel did not see him about ordering the prednisone until April 7, 2008. Plaintiff states that Dr. Patel's actions have worsened his condition. Plaintiff further complains that when he was taking naproxen, this drug had been ordered on June 18, 2008, but was not dispensed until September 4, 2008. Plaintiff attests that he has now been transferred to the Manning Correctional Institution, where he "hopes to receive better treatment than he received at ECI." See generally Plaintiff's Affidavit.

Plaintiff has also submitted copies of a grievance he filed on or about April 21, 2008, and the response, which reads in part: "You have been seen and treated appropriately. According to documentation Dr. Koon did not recommend you have a hip replacement at this time." Copies of other grievances with similar responses have also been provided. Plaintiff has also submitted copies of sick call notes from health services, copies of medication administration records, and two documents from the office of Dr. Alan Kantsiper, which confirm that Plaintiff has some developing avascular necrosis, as well as copies of other medical consultation notes. See generally Plaintiff's Exhibits.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule



5

56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Defendant first asserts that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies. Defendant notes that Plaintiff acknowledges in his verified complaint that the prison has a grievance procedure and that he filed a grievance concerning his claims, but states in his complaint that (as of the time of the filing the complaint) he had not received a final determination concerning his grievance. See Verified Complaint, Section II.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Defendant has the burden of showing that Plaintiff failed to exhaust his

---

[3] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Neal v. Goord, No. 99-253, 2001 WL 1178293 (2d Cir. Oct. 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).



administrative remedies See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, Defendant relies on Plaintiff's statement in his verified complaint that he had not received a final response to his grievance. However, it is readily apparent from Plaintiff's exhibits that he filed several grievances concerning his complaint. According to the SCDC Grievance forms, the steps for completing a grievance include Plaintiff submitting his grievance to the institutional grievance coordinator, and if he is not thereafter satisfied with the warden's response, he can appeal the warden's decision via the institutional grievance coordinator.

At least one of Plaintiff's grievances attached to his response in opposition to the summary judgment shows that Plaintiff completed the grievance process with respect to his claims. Plaintiff's grievance dated April 15, 2008 contains an acknowledgment that Plaintiff had exhausted the appeal process, signed by both Plaintiff and a representative of the grievance commission on May 21, 2008. Plaintiff's complaint is not dated until June 27, 2008. Therefore, the undersigned does not find that the Defendant has met his burden of showing that Plaintiff failed to exhaust his administrative remedies with respect to this claim prior to filing this lawsuit, and Defendant is not entitled to summary judgment on this ground.

## II.

With respect to the merits of Plaintiff's claim, as an employee of the South Carolina Department of Corrections, the Defendant is subject to suit for damages under § 1983 in his individual capacity. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). Construed liberally, Plaintiff is asserting his damages claim

7



against this Defendant in his individual capacity.  Further, even though Plaintiff now has been transferred to a different correctional institution, his claim for monetary damages survives his transfer.  See Mawhinney v. Henderson, 542 F.2d 1, 2 (2nd Cir. 1976).

Nevertheless, even though the Defendant is subject to suit under § 1983, after careful review of the filings in this case as well as the arguments of the parties, the undersigned finds and concludes that Plaintiff's claim is without merit, and that the Defendant is entitled to summary judgment.  In order to establish a claim under § 1983 for denial of medical care, Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether the named Defendant was deliberately indifferent to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).  Plaintiff has presented no such evidence.  Rather, he complains that he is in pain and offers his lay opinion that he should be receiving more extensive or complete treatment and/or medications than he currently is receiving.  Such conclusory claims and allegations, without supporting medical evidence, are not sufficient to create a genuine issue of fact as to whether the Defendant is being deliberately indifferent to his serious medical needs.  Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations];  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."].



The evidence before this Court includes medical records which, while confirming that Plaintiff suffers from avascular necrosis, show that he has received continuous and ongoing treatment for his complaints and condition. None of these medical records reflect any deliberate indifference to Plaintiff's condition. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) [A physician's actions only rise to the level of deliberate indifference when the treatment provided is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."]. While Plaintiff seeks surgery at this time and obviously disagrees with the treatment he has received, the fact remains that his *own evidence* reflects that he has been seen on numerous occasions for his complaints, and Plaintiff himself acknowledges in his affidavit that the orthopedist to which he had been referred advised in January 2008 that medical personnel should continue Plaintiff with non-surgical treatment at that time, and that he would see Plaintiff again in one year. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988) [the Constitution "does not guarantee to a prisoner the treatment of his choice."]. Plaintiff's complaints about the delay he experienced in receiving prescribed medications is also, standing alone, insufficient to give rise to a material fact of a constitutional violation. Casey v. Lewis, 834 F.Supp. 1569, 1583 (D.Az. 1993)["[A] mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference"].

Further, in support of summary judgment in the case, the Defendant has submitted a sworn affidavit wherein he attests, as a licenced physician, that Plaintiff has received proper and thorough treatment for his medical condition. Plaintiff's medical evidence contains nothing to dispute this assertion, and, as previously noted, Plaintiff's own opinion as to what he needs or should be receiving is not competent evidence to create a genuine issue of fact for trial. Scheckells, 423 F.Supp. 2d at 348; see also Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished



opinion) [finding that plaintiff's self-diagnosis without any medical evidence, and contrary to the medical evidence on record, was insufficient to defeat summary judgment on deliberate indifference claim]. The undersigned can discern no evidence of a constitutional violation in the evidence presented to the Court, and Plaintiff cannot rely simply on his conclusory claims and allegations to avoid dismissal of his case. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer, 511 U.S. at 837.

Plaintiff may, of course, pursue a claim in state court if he believes the medical care he has received has been inadequate. However, the evidence before the Court is insufficient to raise a genuine issue of fact as to whether the named Defendant was deliberately indifferent to his serious medical needs, and therefore his federal § 1983 medical claim is subject to dismissal. See DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994); Sellers v. Henman, 41 F.3d 1100 (7th Cir. 1994); White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990); Smart v. Villar, 547 F.2d 112 (10th Cir. 1976) [affirming summary dismissal].

**Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 14, 2009

Charleston, South Carolina



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



12